IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL FURUKAWA, (01) | ) | |
| WESLEY UMEMURA, (02) | ) | |
| DENNIS HIROKAWA, and (03) | ) | |
| RICHARD OKADA, (04) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF
GRAND JURY TRANSCRIPT IN THE ALTERNATIVE,
<u>MOTION TO DISMISS INDICTMENT</u>

The Court heard Defendant's Motion on February 6, 2006. Assistant United States Attorneys William L. Shipley, Lawrence Goya and Larry Tong appeared at the hearing on behalf of the Government; Dana Ishibashi, Esq., appeared at the hearing on behalf of Defendant Richard Okada and Howard Luke, Esq., appeared at the hearing on behalf of Defendant Michael Furukawa. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion For Disclosure of Grand Jury Transcript in the Alternative, Motion to Dismiss Indictment.

BACKGROUND

On July 28, 2004, Defendant Richard Okada ("Defendant") was indicted for "Conspiracy to commit offense or to defraud United States," pursuant to 18 U.S.C. § 371 (Count 1 of a 49-Count Superseding Indictment). Count 1 alleges that Defendant, along with his co-defendants,

> did willfully and knowingly conspire with each other and with others [sic] persons both known and unknown . . . to commit an offense against the United States, that is, knowingly to devise, and intending to devise, a scheme and artifice to defraud and to obtain money from the State of Hawaii by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material facts, and for the purpose of executing the scheme and artifice, and attempting to do so, to cause certain items to be delivered by United States mail, in violation of Title 18, United States Code, section 1341.

(Indictment, at ¶ 5, pp.6-7.)

Paragraphs 19, 20, 22, 23, 24, 27, and 28 of the Indictment discuss Defendant's involvement and the manner and means by which the conspiracy was carried out. Overt acts committed by Defendant are discussed in paragraph 31 - overt act 34, 36, 37, 38, 39, and 40. Additionally, the sentencing allegations of the Indictment contain the following with respect to Defendant: 1) Defendant was one of the "leaders and organizers of criminal activity that involved five or more participants or was otherwise extensive" (Id. at p. 55); 2) Defendant "abused [his]

position[] of public trust in a manner that significantly facilitated the commission or concealment of the offense" (Id.); and 3) Defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice through the course of the investigation or prosecution, and such conduct related to Count 1 of this Superseding Indictment." (Id. at p. 55-56.)

On October 15, 2004, Defendant filed the instant Motion For Disclosure of Grand Jury Transcript in the Alternative, Motion to Dismiss Indictment ("Motion").  He withdrew the Motion on February 7, 2005 and thereafter reinstated the Motion on August 8, 2005.  On February 2, 2006, Government Plaintiff United States of America ("Government") filed a Memorandum of Points and Authorities in Response to Defendant Okada's Motion For Disclosure of Grand Jury Transcripts, or in the Alternative to Dismiss the Indictment ("Opposition").  At the hearing, co-defendant Michael Furukawa joined in Defendant's Motion.

## DISCUSSION

Defendant moves to have the grand jury transcript disclosed or, in the alternative, to dismiss the Indictment.  Defendant argues that he has several "particularized needs" for the transcripts:  1) exculpatory evidence regarding Defendant's lack of "official authority" should have been placed before the grand

3

jury; 2) he must determine whether handwriting exemplars were used to obtain the indictments of any of the defendants because a finding that none of the relevant documents contained Defendant's handwriting would be clearly exculpatory; 3) he must examine whether the evidence presented to the grand jury was fair and not overreaching; and 4) grand jury proceedings are part of the judicial proceedings under which there is a constitutionally protected "fair trial" guarantee. Defendant does not raise any arguments in support of a dismissal of the Indictment.

Government counters that Defendant has failed to show a particularized need for the disclosure of grand jury transcripts. Specifically, Government states that it is unclear how evidence about Defendant's "official authority" would be exculpatory to a conspiracy charge. Even if such evidence would be exculpatory, however, Government points out that a prosecutor is not obligated to present exculpatory evidence to a grand jury. Government characterizes Defendant's arguments as a "thinly veiled allegation of grand jury abuse on the part of the government" and asserts that unless Defendant establishes actual prejudice as a result of the alleged misconduct, the Court may not dismiss the Indictment.

Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure permits a court to "authorize disclosure . . . of a grand-jury matter . . . at the request of a

defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Because of the policy of secrecy in grand jury proceedings, "[a] party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." United States v. Perez, 67 F.3d 1371, 1981(9th Cir. 1995), withdrawn in part on other grounds, 116 F.3d 840 (9th Cir. 1997) (en banc); United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986). The Supreme Court requires a "*strong* showing of particularized need for grand jury materials before any disclosure will be made." United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1963) (emphasis added).

Particularized need "requires a showing of 'substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury.'" United States v. Hardy, 762 F. Supp. 1403, 1414 (D. Haw. 1991) (quoting United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir. 1972)). Thus, a defendant seeking grand jury transcripts "must show that the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." Sells Eng'g, Inc., 463 U.S. at 443; Perez, 67 F.3d at 1381. According to the Ninth Circuit, particularized need typically "arises when

a litigant seeks to use a grand jury transcript at trial to impeach, refresh the recollection of, or test the credibility of a witness." In re Grand Jury Proceedings, 62 F.3d 1175, 1180 (9th Cir. 1995).

In this case, Defendant has failed to establish a particularized need for disclosure of the transcripts that outweighs the policy of secrecy for grand jury proceedings. First, Defendant's argument that exculpatory evidence of his lack of "official authority" should have been introduced does not show a particularized need. The evidence comes from an answer to an interrogatory in a state civil lawsuit entitled State of Hawaii v. Argent Construction, Inc.,et al., Civil No. 03-1-2501-12. The answer to the interrogatory is not even conclusive. Rather, it states that upon information and belief at the time (while discovery was ongoing), Defendant was not delegated "official authority." Defendant has not demonstrated that this evidence is exculpatory, much less relevant. Given that the grand jury only indicted Defendant for conspiracy, it is unclear how evidence of his lack of authority would have affected the Indictment.

To establish a conspiracy under 18 U.S.C. § 371, the government must prove: "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." United States v. Montgomery, 384 F.3d 1050, 1062 (9th Cir.


2004) (quoting United States v. Johnson, 297 F.3d 845, 868 (9th Cir. 2002)).  "The agreement need not be explicit; it is sufficient if the conspirators knew or had reason to know of the scope of the conspiracy and that their own benefits depended on the success of the venture."  Id. (citing United States v. Romero, 282 F.3d 683, 687 (9th Cir. 2002)).  "Official authority" in no way relates to Government's burden in establishing a conspiracy.  Even if, as Defendant claims, the evidence is exculpatory, Government has "no obligation to disclose 'substantial exculpatory evidence' to a grand jury."  United States v. Haynes, 216 F.3d 789, 798 (9th Cir. 2000), cert. denied, 531 U.S. 1078 (2001) (citing United States v. Williams, 504 U.S. 36, 51-55 (1992)).  In the Opposition, Government discloses that it did not present "exculpatory" evidence regarding Defendant's lack of "official authority."  Therefore, the Court will not permit Defendant to examine the transcripts to make such a determination because Government has provided Defendant with an answer and he has not established a particularized need.

       The second basis for Defendant's request is somewhat similar.  He seeks to determine whether handwriting exemplars were used to obtain the indictments of any of the defendants because a finding that none of the relevant documents contained Defendant's handwriting would be clearly exculpatory, as it would confirm that he did not have "official authority with respect to the

transactions." Defendant again fails to explain how the absence of documents containing his handwriting would 1) confirm that he did not have "official authority" or 2) amount to exculpatory evidence. Moreover, as previously discussed, it is unclear how a lack of authority would be exculpatory to a conspiracy charge.

Government has indicated that expert handwriting analysis was deemed unnecessary to the investigation and not presented to the grand jury. Thus, Defendant does not need to examine the transcripts to make such a determination. Had Government used the handwriting exemplars to obtain the indictment of the other defendants, however, Defendant would still not be entitled to examine the transcripts. United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991) ("[T]he district court denied defense counsel full access to all the grand jury transcripts because they dealt with several other potential defendants."). Furthermore, the prosecutor need not present exculpatory evidence to the grand jury.

Defendant's third basis for disclosure is that he would like to ensure that the evidence presented to the grand jury was fair and not overreaching. This clearly does not establish particularized need because it is mere speculation (if that) of prosecutorial misconduct. Defendant has not presented any facts to support his request. It is well-established that speculation is not a grounds upon which to

disclose grand jury transcripts. United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987) ("Speculation cannot justify this court's intervention into the grand jury's proceedings." (quoting United States v. Claiborne, 765 F.2d 784, 792 (9th Cir. 1985))); Walczak, 783 F.2d at 857 (speculation not sufficient to show particularized need); Hardy, 762 F. Supp. at 1414 (same). Accordingly, the Court will not authorize the disclosure of the transcripts because of Defendant's desire to check for prosecutorial misconduct when his motivation is based purely upon speculation.

      Lastly, Defendant asserts his constitutional right to a "fair trial" and indicates that because grand jury proceedings fall under this umbrella, he is entitled to examine the transcripts. For all of the reasons already discussed, the Court's decision to deny Defendant's request for disclosure does not violate his constitutional right to a fair trial. He has failed to established any particularized need to examine the grand jury transcripts and the Court is therefore unable to authorize the disclosure of such based on the policy of secrecy of grand jury proceedings.

      Although Defendant has moved alternatively to dismiss the Indictment, he failed to address this argument, limiting the Motion instead to the

discussion of transcript disclosure.  As such, the Court will not address the dismissal of the Indictment.

### CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion For Disclosure of Grand Jury Transcript in the Alternative, Motion to Dismiss Indictment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 7, 2006.



_____
David Alan Ezra
United States District Judge

United States of America v. Michael Furukawa et al., CR No. 04-00243 DAE; ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPT IN THE ALTERNATIVE, MOTION TO DISMISS INDICTMENT