EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG   3040
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Larry.Tong@usdoj.gov

LAWRENCE A. GOYA   2476
Special Assistant U.S. Attorney
425 Queen Street, Third Floor
Honolulu, Hawaii 96813
Telephone: (808) 586-1160
Facsimile: (808) 586-1375
E-Mail: Lawrence.A.Goya@hawaii.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S MEMORANDUM RE |
| vs. | ) | USE OF EXTRINSIC EVIDENCE |
| | ) | OF PRIOR INCONSISTENT |
| MICHAEL FURUKAWA,       (01) | ) | STATEMENTS; CERTIFICATE OF |
| WESLEY UEMURA,          (02) | ) | SERVICE |
| DENNIS HIROKAWA,        (03) | ) | |
| RICHARD OKADA,          (04) | ) | |
| | ) | Trial: September 26, 2006 |
| Defendants. | ) | |
| | ) | |

GOVERNMENT'S MEMORANDUM RE USE OF
EXTRINSIC EVIDENCE OF PRIOR INCONSISTENT STATEMENTS

The United States submits this memorandum in response

to defendant Wesley Uemura's September 23, 2006 trial brief.  The

government has given the defendants various witness statements in this case.  The materials include (1) tape recordings and transcripts of unsworn, recorded statements made during interviews, and (2) investigative reports summarizing statements made by witnesses.  The materials also include transcripts of the sworn testimony of those witnesses who appeared before the grand jury.

Uemura apparently seeks to introduce extrinsic evidence of the witnesses' prior statements not only as impeachment, but also as "substantive evidence of what happened in this case."  Uemura memo at 2.  For the reasons set forth below, the government believes such statements may be used for impeachment purposes, if they are <u>inconsistent</u> with the witnesses' trial testimony.  Sworn grand jury testimony may also be admitted as substantive evidence, if inconsistent with the witness' trial testimony.  Unsworn statements, however, are hearsay and may not be admitted as substantive evidence.

<u>Impeachment with Grand Jury Testimony</u>

Fed. R. Evid. 613 allows a party to examine a witness on prior inconsistent statements.  Under Rule 613(b), extrinsic evidence of a prior inconsistent statement "is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice

otherwise require."  A witness may be impeached with extrinsic proof of a prior inconsistent statement only on non-collateral matters.  <u>United States v. Nace</u>, 561 F.2d 763, 771 (9th Cir. 1977).

In this case, Uemura proposes to impeach government witnesses with their prior statements.  If the statements are inconsistent with the witnesses' testimony at trial, they certainly may be used for impeachment purposes.  To the extent the prior inconsistent statements were made under oath, in front of the grand jury, they are not hearsay.  <u>See</u> Fed. R. Evid. 801(d)(1)(A)(statement not hearsay if inconsistent, and "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding").  Any prior inconsistent grand jury testimony on non-collateral matters thus may be admitted both for impeachment purposes, and as substantive evidence.

<u>Unsworn Statements Are Inadmissible Hearsay</u>

The government objects to any attempt to use <u>unsworn</u> statements as substantive evidence.  "There is a crucial distinction between the use of a prior inconsistent statement of a witness only to impeach the credibility of the witness and its use to prove as a fact what is contained in the statement." <u>United States v. Ragghianti</u>, 560 F.2d 1376, 1380 (9th Cir. 1977) If the prior statements were not given under oath, subject to the penalty of perjury, they do not fall within the ambit of Fed. R.

Evid. 801(d)(1)(A).  See <u>United States v. Tafollo-Cardenas</u>, 897 F.2d 976, 980 (9th Cir. 1990).  Any such out of court hearsay statements thus may not be offered for the truth of the matter asserted.  <u>United States v. Armijo</u>, 5 F.3d 1229, 1232 (9th Cir. 1993)(witness's prior inconsistent statement inadmissible because it was not given under oath).  If any witnesses are impeached with such inadmissible hearsay, the statements may be considered only for impeachment purposes bearing on the credibility of the witnesses.  <u>Tafollo-Cardenas</u>, 897 F.2d at 980.

Uemura cites <u>Gordon v. United States</u>, 344 U.S. 414 (1953) for the proposition that unsworn statements are admissible as substantive evidence.  Such reliance is misplaced.  <u>Gordon</u> was decided twenty years before the enactment of the Federal Rules of Evidence in 1973.  <u>Gordon</u> thus did not address the definitions of hearsay embodied in Fed. R. Evid. 801(d)(1)(A), or the limitations on the use of extrinsic evidence set forth in Fed. R. Evid 613.  Indeed, as the Ninth Circuit noted in <u>United States v. Ragghianti</u>, 560 F.2d 1376, 1380 (1977), "the value of prior cases holding admissible for substantive purposes such unsworn hearsay statements has surely been weakened by the codification of 801(d)(1)(A) into the Federal Rules of Evidence."[1]

---

[1]  <u>Gordon</u> itself notes that a document containing a contradiction "should not bar admission of the document itself in evidence, <u>providing it meets all other requirements of</u>

If a witness has made a prior statement which is inconsistent with his trial testimony, the defendants obviously may confront him with it. But "[a] defendant does not enjoy unrestricted latitude in the cross-examination of adverse witnesses." United States v. Kennedy, 714 F.2d 968, 973 (9th Cir. 1983). If a witness admits making a prior inconsistent statement, the defendants should not be permitted to introduce extrinsic evidence of the statement. The admission of such extrinsic evidence would be cumulative, and would unduly prolong the proceedings. Moreover, Uemura should not be permitted to "publish" or display unsworn transcripts of prior statements to the jury, as the statements are inadmissible hearsay.

DATED: September 25, 2006 at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Lawrence L. Tong
LAWRENCE L. TONG
Assistant U.S. Attorney
LAWRENCE A. GOYA
Special Assistant U.S. Attorney
Attorneys for Plaintiff

---

admissibility[.]" Id., 344 U.S. at 420-21. With the enactment of the Federal Rules of Evidence, prior unsworn statements do not satisfy the requirements for admissibility.

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

| | |
|---|---|
| CLIFFORD B. HUNT, ESQ.<br>notguilty007@msn.com<br><br>Attorney for Defendant<br>WESLEY UEMURA | September 25, 2006 |
| DANA S. ISHIBASHI<br>ishibashi@aol.com<br><br>Attorney for Defendant<br>RICHARD OKADA | September 25, 2006 |
| HOWARD K.K. LUKE, ESQ.<br>howardkkluke@hawaii.rr.com<br><br>Attorney for Defendant<br>MICHAEL FURUKAWA | September 25, 2006 |

Served by facsimile and mail:

| | |
|---|---|
| KEITH S. SHIGETOMI, ESQ.<br>711 Kapiolani Blvd., Suite 1440<br>Honolulu, HI 96813<br>(Fax: 596-8184)<br>Attorney for Defendant<br>DENNIS HIROKAWA | September 25, 2006 |

DATED: Honolulu, Hawaii, September 25, 2006.

/s/ Janice Tsumoto