ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL FURUKAWA,    (01) | ) | |
| WESLEY UEMURA,    (02) | ) | |
| DENNIS HIROKAWA,    (03) | ) | |
| RICHARD OKADA,    (04) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 7 2006

at 2 o'clock and 35 min. P M
SUE BEITIA, CLERK

## COURT'S  JURY INSTRUCTIONS

COURT'S INSTRUCTION NO. _/__

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

COURT'S INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you. Unless otherwise stated, you should consider each instruction to apply separately and individually to each defendant on trial.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## COURT'S INSTRUCTION NO. 3

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other

hand, if after a careful and impartial consideration with your fellow jurors of all the

evidence, you are convinced beyond a reasonable doubt that the defendant is

guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 4

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

COURT'S INSTRUCTION NO. _5_

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was  stricken from the record; such matter is to be treated as though you had never known of it.

COURT'S INSTRUCTION NO. _6_

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

COURT'S INSTRUCTION NO. 7

In this case, the government and the defendant have agreed, or stipulated, as to certain facts. This means that they both agree that these facts are true. You should therefore treat these facts as having been conclusively proved.

COURT'S INSTRUCTION NO. 8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 9

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

COURT'S INSTRUCTION NO. _10_

You have heard testimony from Harry Shibuya, Arthur Inada, Bert Shiosaki, Herbert Hirota, Roy Shimotsukasa, and Roy Yoshida. Each of these witnesses hopes to receive benefits from the government in connection with this case in exchange for pleading guilty to crimes arising out of the same events for which the defendants are on trial. These guilty pleas are not evidence against any of the defendants, and you may consider the pleas only in determining the witnesses' believability. In addition you should examine their testimony with greater caution than that of other witnesses.

COURT'S INSTRUCTION NO. _11_

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

COURT'S INSTRUCTION NO. 12

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

COURT'S INSTRUCTION NO. _13_

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

COURT'S INSTRUCTION NO. _14_

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

COURT'S INSTRUCTION NO. *15*

As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.

COURT'S INSTRUCTION NO. _16_

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

COURT'S INSTRUCTION NO. *17*

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

COURT'S INSTRUCTION NO. _18_

Defendants Michael Furukawa, Wesley Uemura, Dennis Hirokawa, and Richard Okada are charged in Count 1 of the Indictment with conspiring to commit mail fraud, in violation of Section 371 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 1, 1997, and ending on or about June 30, 2002, there was an agreement between two or more persons to commit the crime of mail fraud, as charged in the Indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes.  The crime is the agreement to do

something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

COURT'S INSTRUCTION NO. *19*

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all of the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects, or purposes, of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

COURT'S INSTRUCTION NO. 20

You have heard testimony about various events that took place over a number of years. Some of the people who may have been involved in those events are not on trial. The government is not required to prosecute all members of an alleged conspiracy in one proceeding or trial. Nor is the government required to prove the identity of all of the participants in an alleged conspiracy. An indictment may charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more persons who are identified.

COURT'S INSTRUCTION NO. 21

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

COURT'S INSTRUCTION NO. 22

Defendants Michael Furukawa, Wesley Uemura, and Dennis Hirokawa are charged in the Indictment with committing mail fraud in violation of Section 1341 of Title 18 of the Untied States Code.  Defendant Furukawa is charged in Counts 2-19 with such violations, Defendant Uemura is charged in Counts 20-33 with such violations, and Defendant Hirokawa is charged in Counts 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 26, 29, 30, 31, 32, and 33 with such violations. In order for a defendant to be found guilty of a mail fraud charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up, or knowingly participated in, a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

COURT'S INSTRUCTION NO. _23_

An intent to defraud is an intent to deceive or cheat.

COURT'S INSTRUCTION NO. _24_

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

If you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what other co-schemers said or did to carry out the scheme, even if the defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer as part of and in furtherance of the scheme, the offense must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

COURT'S INSTRUCTION NO. 25

You are here only to determine whether the defendants are guilty or not guilty of the charges in the Indictment. Your determination must be made only from the evidence in the case. The defendants are not on trial for any conduct or offense not charged in the Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendants, only as they relate to this charge against the defendants.

COURT'S INSTRUCTION NO. 26

You have heard evidence of other acts engaged in by certain of the defendants. You may consider that evidence only as it bears on that defendant's motive, opportunity, intent, preparation, plan, or knowledge, and for no other purpose.

COURT'S INSTRUCTION NO. 27

You have heard testimony that the defendants made certain statements.  It is for you to decide (1) whether the defendants made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendants may have made such statements.

COURT'S INSTRUCTION NO. 28

A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the offenses charged should not control your verdict as to any other offense or any other defendant.

I caution you, members of the Jury, that you are here to determine whether the defendants are guilty or not guilty from the evidence in this case. The defendants are not on trial for any act or conduct or offense not alleged in their respective indictments. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to whether the defendant are guilty or not guilty.

COURT'S INSTRUCTION NO. _29_

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. 30

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill them in, date and sign them, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.